IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BOBBY FRANKLIN MCREYNOLDS                                                                      PLAINTIFF

v.                                  Civil No. 4:16-cv-04122

PRESTON GLENN, Jail
Administrator, Nevada County Jail;
CHRISTOPHER WATTINGNY,
Doctor, Wadley Medical Center;
WHATTLEY MEDICAL CENTER;
DR. ELKINS, Nevada County Jail;
And SHERIFF DANNY MARTIN                                                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by Bobby Franklin McReynolds pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court are two motions to dismiss filed by Defendant Wadley Regional Medical Center at Hope ("WRMC").[1] ECF Nos. 38, 59. Plaintiff has filed a response to Defendant's first Motion to Dismiss (ECF No. 44) but has not responded to the second motion. After careful consideration, the Court makes the following Report and Recommendation.

## BACKGROUND

Plaintiff is currently an inmate in the Arkansas Department of Correction – North Central Unit - in Calico Rock, Arkansas. Plaintiff filed his Complaint on December 8, 2016, in the Eastern District of Arkansas. ECF No. 2. At the time he filed his Complaint, Plaintiff was incarcerated at the Nevada County Jail in Prescott, Arkansas. On December 21, 2016, the case was transferred to

---

[1] WRMC is incorrectly identified in the case caption and on the Court's docket as Whattley Medical Center.

the Western District, Texarkana Division. ECF No. 5. Plaintiff's application to proceed *in forma pauperis* was granted the same day. ECF No. 7. In addition to WRMC, Plaintiff initially named Preston Glenn, the Jail Administrator for Nevada County Jail, and Dr. Christopher Wattingny as Defendants in this lawsuit.[2] Plaintiff filed an Amended Complaint on February 10, 2017, naming Sheriff Danny Martin and Dr. Elkins as an additional defendants.[3] ECF No. 21.

Plaintiff alleges "I Bobby McReynolds on the date of 11-30-16 slipped coming out of the shower. In A pod hitting my head on the concrete, twisted my left knee hittin the conrete as well….The Ambulance Nevada Co. took me, to Whattley Hospital in Hope Ar. Where I seen Christoper Wattingny to know avail no X-RAY, MRI. Or Neckbrace was given. I was sent back to the county where I seen Dr. Elkins 12-02-16 said he would get permission from A.D.C. for X-RAY, MRI, However don't know if there's more damage occurred due to my injuries. My pain level is very intense, there is numbness, on my left hand, also index finder hoping I don't become paralyzed due to there negeligence." ECF No. 2.

Defendant WRMC filed its first Motion to Dismiss on March 14, 2017, arguing Plaintiff failed to state any claim that entitles him to relief because he: 1) failed to allege Dr. Wattingny's acts were within the scope of his employment at the time of the incident; and 2) failed to allege causation. ECF No. 38. Plaintiff filed a Response to Defendant's Motion arguing "the Administration of Wlatlley Medical Center should know qualification of the Staff they licensed working in the Hospital. I'm suing for the same 3 things as I did the others for pain and suffering, mental anguish and for damages deliberate indifference". ECF No. 44.

---

[2] To date, Defendant Wattingny has not been served. The Court has attempted to serve this defendant on two separate occasions. ECF Nos. 7, 55.

[3] The Court is treating Plaintiff's Amended Complaint as a supplement to his original Complaint.

After reviewing Defendant WRMC's Motion to Dismiss and Plaintiff's Response, the Court entered an Order inviting Defendant WRMC to brief the issue of whether it had acted under color of state law in the treatment of Plaintiff. ECF No. 51. Defendant WRMC filed its second motion to dismiss addressing this issue arguing WRMC was not acting under the color of state law when Plaintiff was treated.

## APPLICABLE LAW

Federal Rule of Civil Procedure 8(a) requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). ) While *pro se* complaints are liberally construed, they must allege sufficient facts to support the claims. S*ee Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the plaintiff. *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986). The Court, however, need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens,* 183 F.3d 799, 805 (8th Cir.1999), or legal conclusions that the plaintiff draws from the facts pled. *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990).

**DISCUSSION**

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege each defendant acted under color of state law and that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

In ascertaining the presence of state action, a court must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Montano v. Hedgepeth,* 120 F.3d 844 (8th Cir. 1997) quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). There can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id.* at 937, 102 S.Ct. at 2753. In addition, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials or because his conduct is otherwise chargeable to the State." *Id.; see also Roudybush v. Zabel,* 813 F.2d 173, 176-77 (8th Cir. 1987)

The facts set forth in Plaintiff's Complaint do not support any plausible cause of action for relief under 42 U.S.C. § 1983 against WRMC. Plaintiff alleges WRMC violated his civil rights

when Defendant Wattingny treated him at the hospital and was deliberately indifferent to his medical needs. He also argues WRMC is responsible for his injuries because "Whattley Medical Center, Admidistator should know qualification of the staff they hired working in the hospital." ECF Nos. 2, 21. Here Plaintiff has not alleged any facts showing WRMC was acting under color of state law during any of the events on which this lawsuit is based. WRMC states it is a privately owned hospital which is open to the public and is not directly owned, funded or operated by any federal, state or local governments. *See* Affidavit of Jeanette Akin attached as Exhibit A to ECF No. 59. [4] For this reason alone, the Court finds Plaintiff has failed to plead an actionable § 1983 claim against WRMC.

Even if the Court assumes for purposes of the motions to dismiss that WRMC could have acted under color of state law when Plaintiff was treated for his injuries, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). In other words, WRMC cannot be held liable based merely on the fact it allegedly employed Defendant Wattingny. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013).

## CONCLUSION

For the foregoing reasons, I recommend Defendant WRMC's Motions to Dismiss (ECF Nos. 38, 59) be **GRANTED** and Plaintiff's Complaint (ECF No. 2) and Amended Complaint (ECF No. 21) be **DISMISSED** with prejudice against Defendant WRMC.

---

[4] In deciding Rule 12(b) motions, courts are not strictly limited to the four corners of complaints. *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011). "While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts can also consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public records, orders, items appearing in the records of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller v. Redwood Toxicology Lab., Inc.,* 688 F.3 928, 931, n.3 (8th Cir. 2012).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 15th day of May 2017**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE
