IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BOBBY FRANKLIN MCREYNOLDS                                                                    PLAINTIFF

v.                              Civil No. 4:16-cv-04122

PRESTON GLENN, Jail
Administrator, Nevada County Jail;
CHRISTOPHER WATTINGNY,
Doctor, Wadley Medical Center;
WHATTLEY MEDICAL CENTER;
DR. ELKINS, Nevada County Jail;
And SHERIFF DANNY MARTIN,
Nevada County Jail                                                                           DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by Bobby Franklin McReynolds pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to provide an accurate address on for service on the named Defendant Christopher Wattingny. After careful consideration, the Court makes the following Report and Recommendation.

### BACKGROUND

Plaintiff Bobby Franklin McReynolds filed his complaint in this matter *pro se* on December 8, 2016. ECF No. 2. On December 21, 2016, the Court ordered service on Defendant Dr. Christopher Wattingny at the Nevada County Jail, in Prescott, Arkansas. ECF No. 8. The Court issued this order pursuant to Plaintiff's representation in his Complaint that Defendant Wattingny was associated Nevada County or Wadley Medical Center in Hope, Arkansas. ECF No. 2. Defendant Wattingny was not served as the summons and Complaint were delivered first to

1

Nevada County Jail and then to Wadley Medical Center in Hope, Arkansas, where someone other than Defendant Wattingny signed for the Complaint and Summons. ECF No. 15.

On February 21, 2017, the Court entered an Order to Show Cause (ECF No. 24) giving Plaintiff until March 8, 2017, to show cause as to why his case against Defendant Wattingny should not be dismissed based on his failure to provide the Court with an accurate address for service. On March 3, 2017, Plaintiff filed a Motion for Extension of Time to File a Response to this Court's Order to Show Cause. ECF No. 28. The Court granted Plaintiff's request giving him until March 31, 2017, to provide the Court with the address for service for Defendant Wattingny. ECF No. 29.

On March 22, 2017, Plaintiff filed a second response to the Court's Order to Show Cause (ECF No. 41) indicating he had sent a letter to the Arkansas State Medical Board requesting Defendant Wattingny's address.[1] That same day Plaintiff filed a second Motion for Extension of Time to obtain the service address for Defendant Wattingny. ECF No. 42. The motion was granted giving Plaintiff until April 28, 2017, to obtain a valid address for service. ECF No. 46.

Plaintiff provided a second address for service for Defendant Wattingny (ECF No. 50) and on April 11, 2017, the Court ordered service on Christopher Wattingny. On May 5, 2017, the Court was notified that the summons was accepted in error and that Defendant Wattingny was no longer associated with UAMS Southwest. To date, the United States Marshal Service has been unable to locate and serve Defendant Wattingny.

---

[1] On March 28, 2017, Plaintiff filed a Supplement to his Response to the Court's Order to Show Cause (ECF No. 41) which appears to set forth allegations against Defendant Wattingny that have nothing to do with an address for service.

2

## APPLICABLE LAW

Federal Rule of Civil Procedure 4 requires the Court to order service by the United States Marshal Service when a plaintiff proceeds *in forma pauperis* ("IFP") in compliance with 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(3). "The officers of the court shall issue and serve all process, and perform all duties in such cases". 28 U.S.C. § 1915(d). Further, Rule 4 requires a defendant be served within 90 days after the complaint is filed or the Court must dismiss the complaint or order service be made within a specified time. However, if the plaintiff can show good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Dismissal is not required where service is ineffective, instead, the court has the discretion to either dismiss the action, or quash service but retain the case for further attempts at service. *See Marshall v. Warwick,* 155 F.3d 1027, 1032 (8th Cir. 1998). Additionally, while plaintiffs proceeding IFP are entitled to rely on the United States Marshal Service to serve summons, an IFP Plaintiff is ultimately responsible for providing the Court with a proper address for service. *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir. 2010) (citing *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286-88, n. 3 (11th Cir. 2009)); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

## DISCUSSION

Plaintiff filed his complaint in this case on December 8, 2016. ECF No. 2. The Court has given Plaintiff two extensions to provide the Court with an accurate address for service on defendant Wattingny. ECF No.s, 29, 46. Despite two attempts by the United States Marshal Service, to date Defendant Wattingny has not been located for service. ECF Nos. 7, 54. Here, Plaintiff has not done so. Accordingly, I recommend the case against Defendant Wattingny be dismissed.

**CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 2) and Amended Complaint (ECF No. 21) be **DISMISSED** against Defendant Christopher Wattingny.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 22nd day of June 2017**.

/s/ *Barry A. Bryant*_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE