IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BOBBY FRANKLIN MCREYNOLDS                                                      PLAINTIFF

v.                              Case No. 4:16-cv-4122

PRESTON GLENN, Jail Administrator,
Nevada County Jail; CHRISTOPHER
WATTINGNY, Doctor, Wadley Medical
Center; WHATTLEY MEDICAL CENTER;
DR. ELKINS, Nevada County Jail; and
SHERIFF DANNY MARTIN, Nevada
County Jail                                                                   DEFENDANTS

## **ORDER**

Before the Court is the Report and Recommendation filed June 22, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 71. Judge Bryant recommends that all claims against Separate Defendant Christopher Wattingny be dismissed. Plaintiff has responded with objections. ECF No. 73. The Court finds the matter ripe for consideration.

On December 8, 2016, Plaintiff filed his complaint in this matter *pro se*. The United States Marshal Service made two unsuccessful attempts to serve Separate Defendant Christopher Wattingny at Nevada County Jail and Wadley Medical Center in Hope, Arkansas. On February 21, 2017, the Court entered an order directing Plaintiff to show cause as to why his case against Wattingny should not be dismissed for failure to provide the Court with an accurate address for service. Plaintiff eventually provided an address for service at UAMS Southwest in Texarkana, Arkansas. UAMS Southwest accepted service for Wattingny but then notified the Court that summons was accepted in error because Wattingny was no longer associated with UAMS

Southwest. To date, the United States Marshal Service has been unable to locate and serve Wattingny, and Plaintiff has not provided an accurate address for service.

In his objections, Plaintiff does not provide an accurate address for service for Wattingny but instead provides a "last known phone [number]" for Wattingny. ECF No. 73, p. 2. Plaintiff states that this is the only information he has regarding Wattingny. However, it is Plaintiff's responsibility to provide the Court with a proper address for service. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). The time for serving Wattingny has passed, and Plaintiff has not shown good cause for his failure to provide an accurate address for service. *See* Fed. R. Civ. P. 4(m).

Based on its own de novo review, the Court overrules Plaintiff's objection and adopts the Report and Recommendation *in toto*. ECF No. 71. Accordingly, all claims against Separate Defendant Christopher Wattingny are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 19th day of October, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge